IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:13-cv-57(WOB-CJS)**

**JUSTIN WARNER**                                                                             **PLAINTIFF**

**VS.**

**CITY OF BROOKSVILLE, ET AL.**                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This lawsuit arises out of an alleged collision between Plaintiff Justin Warner's motorcycle and Defendant Chief Martin Hause's patrol car. Plaintiff sued Chief Hause and the City of Brooksville, Kentucky pursuant to 42 U.S.C. § 1983, alleging deprivations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brought a state-law negligence claim against Chief Hause.

The case is before the Court on two motions from Defendants, a motion for summary judgment (Doc. 30) and a motion to exclude the testimony of Plaintiff's expert witness, Neil Gilreath (Doc. 31), as well as a motion from Plaintiff seeking leave to file a surreply (Doc. 45). The Court heard oral argument on these motions on November 24, 2014. Thomas K. Herren represented Plaintiff Justin Warner, and Jeffrey C. Mando represented Defendants. Court reporter Lisa Wiesman recorded the proceedings. The Court now grants Defendants' motion for summary judgment and denies as moot Defendants' motion to exclude the testimony of Plaintiff's expert witness. The Court additionally

declines to exercise supplemental jurisdiction over the remaining state-law claim.

## I. FACTS[1]

On July 9, 2012, between 9:30 and 10:00 p.m., Plaintiff, Justin Warner ("Plaintiff"), and his brother, Jeremy Warner ("Jeremy"), were riding their motorcycles through the City of Brooksville, Kentucky. (DE 31, Pl. Dep., at 46.) As the brothers drove into Brooksville -- traveling westbound on Miami Street with Plaintiff in the lead and Jeremy following him -- they saw Chief Hause of the Brooksville Police in the area, sitting in or near the parking lot of a gas station close to the intersection of Miami Street and Garrett Street. (DE 31, Pl. Dep., at 73; DE 33, Jeremy Dep., at 24.) Chief Hause likewise saw the brothers and was aware of their identities. (DE 32, Chief Hause Dep., at 28-29.)

Jeremy had neither a valid driver's license nor the proper registration for his motorcycle, so the brothers were concerned that Chief Hause would pull Jeremy over and cite him for those violations. Plaintiff signaled Jeremy to pass him so that Jeremy could make it to their nearby home first and avoid being pulled over by Chief Hause. (DE 33, Jeremy Dep., at 25-28.) The brothers thus made a left turn off of Miami Street and onto Frankfort Street -- where they lived together in a rented house -- with Jeremy in front and Plaintiff behind him. (DE 31, Pl. Dep., at 75-76.)

---

1. This section takes all of the relevant facts in the light most favorable to Plaintiff and omits any facts not relevant to whether summary judgment is appropriate on Plaintiff's § 1983 claims.

2

After making that left turn, Jeremy accelerated rapidly, causing his motorcycle to make a loud noise. (*Id.* at 79-80; DE 33, Jeremy Dep., at 28-29.) Chief Hause heard the noise, which he likened to the sound of a plane's jet engine, from his position on Miami Street. Concluding that the motorcycle operator must have been driving recklessly in order to cause so much noise, Chief Hause turned on his blue lights and began to follow the brothers up Frankfort Street. (DE 32, Chief Hause Dep., at 29-31.)

Frankfort Street between Miami Street and the brothers' residence includes an uphill climb and an s-curve. (*Id.* at 34; DE 31, Pl. Dep., at 84-85.) There is a feed mill near the top of the hill. As Plaintiff reached the feed mill, he saw Chief Hause's blue lights flashing off of the building. After seeing the blue lights behind him, Plaintiff began reducing his speed as he went into the s-curve. (DE 31, Pl. Dep., at 85-87.)

While in the s-curve, Plaintiff felt a bump against the rear of his motorcycle -- the front-right bumper of Chief Hause's patrol car striking the rear-left swing arm of the motorcycle -- and lost control. (*Id.* at 88-89, 95-97.) The motorcycle collided head on with some mailboxes and a retaining wall that runs along the side of Frankfort Street, and the impact launched Plaintiff over the handlebars. He landed on the other side of the wall, suffering two broken femurs, a collapsed lung, and a fractured wrist. (*Id.* at 109-11, 118-19.)

Chief Hause continued driving past the scene of the accident to the brothers' house. He parked his patrol car in the front yard and

3

began looking around the property for the brothers. Not long after Chief Hause arrived at the brothers' residence, he received a radio call from dispatch stating that there had been a motorcycle accident on Frankfort Street near the feed mill. Chief Hause then got back into his patrol car and went to the scene of the accident. (DE 32, Chief Hause Dep., at 23-25; DE 33, Jeremy Dep., at 40-43.)

EMS personnel arrived at the scene shortly after Chief Hause. The EMTs airlifted Plaintiff to University Hospital in Cincinnati for treatment of his injuries. (DE 31, Pl. Dep., at 114.)

Jeremy arrived at the scene after the EMTs; not long after Plaintiff was transported to the hospital, his mother and father, Randy and Carol Warner, also arrived on the scene. (DE 33, Jeremy Dep., at 43-44; DE 35, Carol Warner Dep., at 35.) Jeremy and the brothers' parents had a conversation with Chief Hause at the scene of the accident. According to Jeremy and Plaintiff's parents, Chief Hause stated numerous times: "I just didn't see him," referring to Plaintiff. (DE 33, Jeremy Dep., at 50-51; DE 35, Carol Warner Dep., at 39-40.)

## II. ANALYSIS

In order for Plaintiff to survive summary judgment on his § 1983 claims against Chief Hause, he must raise a genuine dispute of material fact as to whether Chief Hause caused "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order for Plaintiff to survive summary judgment on his § 1983 claim against the City of Brooksville, he must raise a genuine dispute of material fact as to whether the

4

"municipality's failure to train . . . evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

But Plaintiff's counsel conceded at oral argument that Plaintiff has neither pled that Chief Hause struck Plaintiff's motorcycle intentionally nor has he produced evidence warranting such an inference. Because intentional conduct by a government actor is a necessary ingredient of both a § 1983 claim alleging an unreasonable seizure in violation of the Fourth Amendment and a § 1983 claim alleging a violation of Fourteenth Amendment substantive due process, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843-44, 854 (1998), the Court grants summary judgment to Chief Hause on those claims.

Additionally, because Chief Hause did not violate Plaintiff's constitutional rights, Plaintiff's § 1983 claim against the City of Brooksville for failure to train cannot survive summary judgment. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

### III. CONCLUSION

The Court grants Defendants' motion for summary judgment and denies as moot Defendants' motion to exclude the testimony of Plaintiff's expert witness. The Court additionally declines to exercise supplemental jurisdiction over the remaining state-law claim.

Therefore, having heard the parties and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' motion for summary judgment (Doc. 30) be, and is hereby, **GRANTED**;

(2) Defendants' motion to exclude the testimony of Plaintiff's expert witness (Doc. 31) be, and is hereby, **DENIED AS MOOT**;

(3) Plaintiff's state-law claim for negligence is **dismissed without prejudice** pursuant to the Court's discretion under 28 U.S.C. § 1367(c)(3);

(4) Plaintiff's motion for leave to file a surreply (Doc. 45), be, and is hereby, **DENIED AS MOOT**;

(5) A separate judgment shall enter concurrently herewith.

This 25th day of November, 2014.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

TIC: 10 mins.